(No. 23178.—

·THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellant, vs. CHARLIE FISHER et al. Appellees.

*Opinion filed June 10, 1936—Rehearing denied October 13, 1936.*

OTTO KERNER, Attorney General, (A. E. TAFF, and FLOYD F. PUTMAN, of counsel,) for appellant.

BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD, and ROBERT B. CHIPERFIELD, for appellees.

Per CURIAM: The Department of Public Works and Buildings, appellant, filed an amended petition in the circuit court of Fulton county to condemn a right of way over the land of Charlie Fisher and others, appellees, to the extent of 1.913 acres. On demurrer the petition was dismissed, and this appeal followed.

The land sought to be taken lies wholly without the corporate limits of the city of Canton. The only question presented is whether the amended petition contained sufficient allegations to support a condemnation proceeding by appellant, as all statements of fact therein are admitted by the demurrer.

East Linn street, in the city of Canton, runs east and west. South Fifth avenue runs north and south, intersecting East Linn street at right angles. One block west of and parallel to South Fifth avenue is South Fourth avenue. The latter street extends south past the south limits

of the city at Sam Scott street, while the former stops there. State Route 9 comes in from the north over South Fifth avenue to the intersection of that avenue with East Linn street and turns east on that street for Peoria. State Route 31 commences in Canton at the intersection of East Linn street and South Fourth avenue, one block west of the above intersection, and thence runs south on South Fourth avenue beyond the city limits at Sam Scott street. State Route 78 follows Route 9 in coming to East Linn street at its intersection with South Fifth avenue, thence turns west one block on East Linn street to the beginning of Route 31 and follows south on that route out of the city. Routes 9 and 31 were built under the Sixty Million Dollar Bond Issue act of 1917, while Route 78 was built under the One Hundred Million Dollar Bond Issue act of 1923. Appellant desired to change Routes 31 and 78 from South Fourth avenue to South Fifth avenue between East Linn street and Sam Scott street. For this re-location the land of appellees was needed to construct a connection from the end of South Fifth avenue on Sam Scott street to that unchanged part of Route 31 south of the city limits, by means of a gradually turning reverse curve, to the west. When Routes 31 and 78 were located through Canton use was made of the pavement then existing. Under the proposed change the State would only be under the obligation of maintaining the existing pavement on South Fifth avenue, with new paving added at its south end to connect it with Routes 31 and 78. The amended petition sets up in some detail the benefits supposed to inure to the traveling public from this change.

The essential objection of appellees is, that the legislature, when it gave to appellant the authority to make "minor changes" in the locations of the routes built under the two bond issue acts, (Act of June 22, 1917, sec. 9, Smith's Stat. 1933, chap. 121, par. 274; Act of June 29, 1923, sec. 9, Smith's Stat. 1933, chap. 121, par. 281*i*;) did not contem-

plate, after their construction, an entire change of location and abandonment of the existing routes, the acquisition of a right of way, and the construction of a new road. Appellees' position is, that once a State route is located and constructed appellant is without authority to subsequently change it, and that any exercise of appellant's power of discretion in making such a change is without statutory sanction. This contention of appellees might be entitled to greater consideration were it not for various provisions of an act entitled, "An act in relation to State highways," approved June 24, 1921, in force July 1, 1921, (Cahill's Stat. 1933, chap. 121, par. 199 *et seq.* p. 2448; Smith's Stat. 1933, chap. 121, par. 291 *et seq.* p. 2548;) and amendments thereto prior to 1934. This legislation established a system of State highways, among which were included those constructed under the Sixty Million Dollar Bond Issue act of 1917, and, by an amendment in 1923, those built under the One Hundred Million Dollar Bond Issue act of 1923. Section 6 defines the powers of appellant thereunder. Sub-section 4 empowers it "to purchase, rent and acquire all machinery, implements, tools and material incident to or necessary in the location, re-location, construction, re-construction, repair, improvement and maintenance of State highways." Sub-section 12 empowers it "to do and perform whatever may be necessary or desirable to effectuate the provisions of this act." Section 6a provides: "In all cases where State or through traffic upon a State bond issue or Federal aid road runs through a city, town or village the Department of Public Works and Buildings shall locate a route upon the streets or other thoroughfares through such municipality as an extension of such State highway so as to form a continuous route to serve the needs of through or State traffic upon such State bond issue or Federal aid road and if a city, town or village is the terminus of such a road, the road shall be extended to such point in the municipality as will in the discretion

of the department best serve the needs of State or through traffic." Section 6b places the burden of maintenance of such streets as may be designated State highway extensions upon appellant. Section 6e provides, in part, that "when advisable to serve traffic needs, any such extension route may be re-located upon other streets or thoroughfares through or in a municipality," and that the abandoned route thus returned to the control of the city must be left in reasonable condition for traffic. Section 9 vests appellant with "the right to acquire any land, rights or other property necessary for the construction, repair or maintenance of State highways, or necessary for re-locating, widening or straightening any State highway, or necessary for any other purpose or use contemplated by this act by the exercise of the right of eminent domain under the eminent domain laws of this State."

It is thus seen that the 1921 act in relation to State highways, and its amendments, fully empowered the appellant to make the re-location of Routes 31 and 78 upon and over an existing street or thoroughfare, as intended in the amended petition. It should be kept in mind that appellant is not seeking to condemn any property within the limits of a city, as it was in *Department of Public Works v. Ryan*, 357 Ill. 150. South Fifth avenue south of East Linn street is a "thoroughfare," as that word is defined in the *Ryan case, supra,* for it does have an exit upon Sam Scott street, which connects with Route 31. It is therefore a proper street upon which to re-locate those two routes. Section 9 grants to appellant the power to condemn the property of appellees, thereby connecting the thoroughfare South Fifth avenue with Route 31. This will operate to connect Route 78 with Route 31 "south of Canton" and do no violence to directions of the legislature prescribing the course of Route 78.

The amended petition, upon its face, does not show an abuse of the discretion granted appellant by the legislature.

The attempted exercise of the power of eminent domain comes clearly within the right granted to appellant by the legislature prior to the commencement of this action. The lower court therefore erred in sustaining the demurrer to the amended petition.

The judgment of the circuit court is reversed and the cause is remanded, with directions to overrule the demurrer of appellees. *Reversed and remanded, with directions.*